CANDA *et al. v.* ZELLER.

(*City Court of New York, General Term.* December 31, 1888.)

1. NEGOTIABLE INSTRUMENTS—BONA FIDE HOLDERS—CONDITIONS—EVIDENCE.
    A promissory note or check, absolute on its face, cannot be shown by parol to be conditional as against a holder for value; nor is parol evidence of an agreement to extend the time of payment admissible, the instrument being in terms payable at a time certain.[1]

2. SAME—CONSIDERATION—SURRENDER OF DRAFT.
    A promissory note, given in acceptance of a draft surrendered to the maker, is upon sufficient consideration.

Appeal from trial term.

Action by John Canda and others against Loren Zeller, as surviving partner, etc., on two notes and two checks. Verdict and judgment for defendant, new trial denied, and plaintiffs appeal.

Argued before MCADAM, C. J., and NEHRBAS and BROWNE, JJ.

*J. W. Shepard,* for appellants. *Edward Miehling,* for respondent.

BROWNE, J. The action was brought upon two promissory notes and two checks, made by Benner & Zeller to the order of the plaintiffs. The making and delivery of the checks and notes were conceded, as were also the formalities as to presentation and demand, to charge the defendant with liability. The defense presented upon the trial was failure of consideration, and that there was an oral condition attached to the notes and checks, that the makers were not to be charged with liability unless one Mrs. Fitzpatrick performed a certain contract she had with the makers for the erection of some buildings, and that the time of payment was to be extended from time to time until she complied with her contract. The learned justice submitted to the jury the question as to whether said oral contract concerning the notes and checks was made, and, if made, whether Mrs. Fitzpatrick completed her contract; and instructed the jury if they found that such an arrangement was entered into, and that Mrs. Fitzpatrick failed to fulfill her contract with the defendant, the latter was entitled to a verdict. The jury, under this charge, found in favor of the defendant. The plaintiffs moved for a direction in their favor; also for a new trial after rendition of the verdict; both of which were denied.

We think the learned justice erred in receiving oral evidence tending to vary the terms of the contract, after good consideration had been shown therefor; and also in submitting the question to the jury. He should have granted the plaintiffs' motion for a direction of a verdict in their favor. The checks and notes were absolute on their face, and parol evidence was inadmissible to vary or contradict their terms. 1 Daniel, Neg. Inst. § 80; *Willse* v. *Whitaker,* 22 Hun, 242. Daniel, in the context to the rule, says that "it is not permissible to receive oral evidence to show that the notes or checks were not to be paid until the amount was collected from certain sources." Here evidence was received showing that the notes were not to be paid until Mrs. Fitzpatrick had so far completed her contract as to be entitled to payments to the extent of the amounts named in the instruments. Nor is it permissible to receive evidence of an oral agreement to prolong or vary the time of payment otherwise than the instruments themselves declare. This rule is so well ingrafted upon our practice that it seems a work of supererogation to do more than state it, and, when violated, to point out the error.

In this case testimony was received in direct contradiction of the plain and unambiguous terms of the contract sued upon. The testimony was no doubt received upon the assumption that it was a direct attack upon the considera-

---

[1] Respecting the admissibility of parol evidence to vary liability on negotiable instruments as executed, see *Bank* v. *Gaines,* (Ky.) 9 S. W. Rep. 396, and note; *Kulenkamp* v. *Groff,* (Mich.) 40 N. W. Rep. 57.

tion for the notes and checks, but such assumption has no place in this case. While it is permitted in some cases to show by parol that the instrument sued upon is not a valid existing obligation against the party impeaching it, as where the holder is not a *bona fide* one, or the defendant is an accommodation maker or indorser, it cannot be invoked in this case, where the parties urging payment are holders for value, or parted with value for the notes. The plaintiffs stand in the latter position. They surrendered to the defendant a paper writing having the force and effect of a draft, which was accepted by defendant's giving the promissory notes of his firm. This transaction placed in their possession as owners an obligation which they could offset against a person with whom they had financial dealings and obligation. In *Newman* v. *Frost*, 52 N. Y. 422, it was held that the giving of a bill of exchange, drawn by one party, in exchange for the promissory note of the other, for the same amount, furnishes a good consideration for the latter. Some evidence was offered showing that the checks were given to enable the defendant to take up prior notes made by his firm. As to these checks it is claimed by plaintiffs that they were not subject to the defense set up, but inasmuch as it has been shown that the defense is not available for any purpose, it is unnecessary to comment upon the proposition advanced. The case of *Ellison* v. *McCahill*, 10 Daly, 367, cited by defendant as directly in point in support of the defense, has no application to the facts developed here. In that case there was a written contract of acceptance specifying the time of payment and the fund to be charged. The party giving the order never became entitled to the payment from which the amounts of the orders were to be reserved. For the reasons stated the judgment will be reversed, and a new trial ordered, with costs to abide the event.

McADAM, C. J., and NEHRBAS, J., concur.